FILED _____ ENTERED
LODGED _____ RECEIVED

APR 0 6 2017

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
                    DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **IN THE MATTER OF THE SEARCH OF** | * | **CASE NO. 17-0627TJS** |
| **ELECTRONIC DEVICES FURTHER** | * | |
| **IDENTIFIED IN ATTACHMENT A** | * | FILED UNDER SEAL |
| | **** | |

**AFFIDAVIT IN SUPPORT OF**
**APPLICATION FOR SEARCH WARRANT**

I, Dennis Senft, being duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      Your affiant is engaged in the investigation of Brian Edward DIGGS (hereafter "B.

DIGGS") and his conspirators.  This affidavit is respectfully submitted in support of an

application for a search warrant for the following electronic device seized from Patricia DIGGS

(hereafter "P. DIGGS") upon arrest on June 2, 2015:

> a.  **Device #1**: HP ProBook 650 G1 notebook computer with serial number
>
> 5CG4512MSC, seized from P. DIGGS

2.      **Device #1** is currently in the possession of Homeland Security Investigations.  Based on

the facts set forth below, your Affiant respectfully submits that there is probable cause to believe

that this electronic device contains correspondence, memoranda, bank records, photos, and other

materials that constitute evidence of, the fruits of, or instrumentalities of criminal violations of

bank fraud conspiracy, in violation of 18 U.S.C. § 1349, by B. DIGGS, P. DIGGS and others.

**BACKGROUND OF AFFIANT**

3.      Your Affiant is a Special Agent with Department of Homeland Security, Homeland

Security Investigations (HSI).  As such, I am an investigative or law enforcement officer of the

United States within the meaning of Title 18, U.S.C. § 2510(7) and empowered by law to

17-0627TJS

FILED UNDER SEAL

conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code Section 2516. Your Affiant has been a Special Agent with HSI since 2007. Your Affiant completed the Federal Criminal Investigator Training Program and the ICE Special Agent Training at the Federal Law Enforcement Training Center located in Glynco, Georgia. Your Affiant received training in drug and money laundering investigations. Your Affiant also received additional training in methods to trace illegal proceeds and prove financial crimes, asset forfeiture, and financial investigations.

4.      Your affiant is currently assigned to the Office of the Special Agent in Charge, Baltimore, Maryland, as well as the High Intensity Drug Trafficking Area (HIDTA), Drug and Money Laundering Initiative (DMLI) Task Force in Southern Maryland. This particular Task Force investigates drug and money laundering organizations in the Washington, DC and Baltimore, Maryland region. Based on training and experience, your Affiant is familiar with the methods and techniques associated with financial crimes and the organization of money laundering conspiracies. In the course of conducting these investigations, your Affiant has been involved in the use of the following investigative techniques:  interviewing informants and cooperating witnesses; conducting physical surveillance; conducting short and long-term undercover operations, including reverse undercover drug operations; consensual monitoring and recording of both telephonic and non-telephonic communications; analyzing telephone pen register and caller identification system data; conducting court-authorized electronic surveillance, including T-III wire interceptions; and preparing and executing search warrants that have led to substantial seizures of narcotics, currency, firearms, and other contraband. I have participated in and was the case agent for Title III operations, comprised of surveillance operations, monitoring T-III wire interceptions, and analyzing telephone records.

5.      Your Affiant is aware that individuals involved in financial fraud and money laundering often utilize several locations to store proceeds. Your affiant knows through training and experience and due to advancement in technology that individuals involved in financial fraud and money laundering may be utilizing electronic equipment including cell phones, electronic mail devices, computers, computer modems, and other electronic devices to facilitate the furtherance of the conspiracy.

6.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested order and does not set forth all of my knowledge about this matter. Moreover, wherever in this report your Affiant describes a statement made by an individual, that statement is described in substance and in part, and is not intended to be a verbatim recitation of the entire statement made by that individual.

7.      Based upon my training and experience and my participation in this and other financial investigations, as well as my conversations with other agents, I know the following:

        a.      Individuals involved in financial fraud and money laundering often maintain on hand large amounts of currency in order to maintain and finance their on-going business.

        b.      Individuals involved in financial fraud and money laundering often maintain financial records and financial instruments for long periods of time related to their transactions and the profits derived from those transactions including, but not limited to, currency, bank checks, cashier's checks, Western Union receipts, money orders, stocks, bonds, precious metals, and real estate records;

        c.      Individuals involved in financial fraud and money laundering frequently maintain records of their transactions for long periods of time including, but not limited to, books, ledgers,

- 3 -

records and other documents relating to the particular fraud scheme, in this case bank fraud. Such documents are frequently maintained where the individuals have ready access to them, including in their homes, cellular phones, computers and vehicles. Such documents are also known to be moved by the individuals involved in the conspiracy to a new residence if they move;

      d.      Individuals involved in financial fraud and money laundering commonly maintain books, records, and other documents that identify and contain the names, addresses and/or telephone or pager numbers of associates in their financial fraud and/or money laundering activities, including, but not limited to: address books, telephone books, rolodexes, telephones, pagers, or personal digital assistants with stored telephone information, notes reflecting telephone and pager numbers, photographs (to include still photos, negatives, movies, slides, video tapes, and undeveloped film), and audiotape recordings of conversations, including those made over telephone answering machines;

      e.      Individuals involved in financial fraud and money laundering commonly maintain identification and travel documents, including, but not limited to, tickets, transportation schedules, passports, notes and receipts related to travel, and motel/hotel receipts;

      f.      Indicia of occupancy, residency and/or ownership of the premises to be searched are often present in such premises; and

      g.      Individuals involved in financial fraud and money laundering commonly maintain many of the foregoing items in computer and electronic files, including cell phones.

## SUMMARY OF PROBABLE CAUSE

8.      On June 6, 2014, Prince George's County Police Department ("PGPD") arrested B. DIGGS on the charge of theft over $10,000. (**DIGGS** was subsequently released and the charges

- 4 -

were Nolle Prosequi on September 23, 2014.)  Incident to the arrest, PGPD officers seized B. DIGGS's cellular telephone, and a search of the phone revealed that B. DIGGS was using the phone to communicate (including by email) with co-conspirators and financial institutions regarding fraudulently obtained bank loans.

9.      Since September 2014, HSI Baltimore investigators from the HIDTA/DMLI, in conjunction with the PGPD, have been investigating the bank fraud and money laundering activities of B. DIGGS and others.

10.      On April 29, 2015, a federal grand jury for the District of Maryland returned an indictment charging B. DIGGS with bank fraud conspiracy, in violation of 18 U.S.C. § 1349, and aggravated identity theft, in violation of 18 U.S.C. § 1028A.  The indictment also charged eight other defendants, including P. DIGGS, as members of the bank fraud conspiracy.  *See United States v. Diggs*, DKC-15-228, ECF No. 1.  The indictment alleged that the conspirators defrauded financial institutions by submitting false information and fake documents while applying for vehicle loans.  The false information included false employment history, false addresses, false dates of birth, and false social security numbers.  The fake documents included lien releases, utility bills, paystubs, letters of recommendation, and a police report.  *Id.*

11.      On May 26, 2015, the Honorable Jillyn K. Schulze signed six search warrants related to the DIGGS conspiracy, including one for the home of B. DIGGS and P. DIGGS at 14521 Owings Avenue, Brandywine, Maryland.  *See* 15-1062-JKS.  The items to be seized included computers and financial records.  *Id.*

12.      On June 2, 2015, law enforcement agents executed the search warrant on the DIGGS residence.  Included among the items seized were cell phones, electronic devices, financial documents, and a hand gun (both B. DIGGS and P. DIGGS are convicted felons).

13.     Also on June 2, 2015, pursuant to a federal arrest warrant issued on the basis of the indictment, P. DIGGS was arrested during a traffic stop away from the residence.

14.     During the course of this investigation search warrants were served to GMAIL for email content for Brian DIGGS' email account bdiggs7@gmail.com. Included in the email content obtained from the warrant was email communication between Brian DIGGS (bdiggs7@gmail.com) and P. DIGGS (patricia.diggs@hhs.gov) related to this bank fraud conspiracy. Specifically, on May 25, 2010, an email was sent from patricia.diggs@hhs.gov to bdiggs7@gmail.com containing an attachment entitled Hubby.doc. The document Hubby.doc was opened and revealed a Lien release for Carwiz, Inc, a business utilized by Brian DIGGS for multiple fraudulent vehicle loans. The lien release was for a 2006 GMC Envoy bearing VIN # 1GKET66M466128469. This investigation revealed the 2006 GMC Envoy bearing VIN # 1GKET66M466128469 was utilized in at least three fraudulent vehicle loans involving Brian DIGGS and/or a company affiliated to Brian DIGGS. Specifically, this vehicle was utilized to obtain a vehicle loan from Andrews Federal Credit Union on November 27, 2012, but records show the vehicle had been exported to Saudia Arabia on December 3, 2011.

15.     Other emails gathered from B. DIGGS's Gmail account show communications from P. DIGGS using her HHS email account to B. DIGGS. In at least one of these exchanges, the two discuss B. DIGGS's failure to either return money or provide a car to one of P. DIGGS's colleagues at HHS.

16.     Device #1 is the property of the United States Department of Health and Human Services (HHS). P. DIGGS was previously employed by HHS, including during the time period of the charged conspiracy. Your affiant contacted HHS and was advised that Device #1 is the only computer P. DIGGS utilized for work purposes.

17.    Device #1 has not been accessed since its seizure. The data on the device on the date of its seizure is likely still stored on the device.

18.    Based on my training and experience, and my knowledge of the investigation to date, members of this bank fraud conspiracy, much like members of other economic crime conspiracies, use computers and other electronic media in furtherance of their crimes. Accordingly, your affiant believes that probable cause exists to believe that **Device #1** will contain evidence, fruits, and instrumentalities of the crimes for which P. DIGGS has been indicted.

## Conclusion

19.    Based on the foregoing, your affiant respectfully submits that there is probable cause to believe that P. DIGGS, and others have committed violations of 18 U.S.C. § 1349, and that within **Device #1** will be found evidence, fruits, and instrumentalities of their violations, which are more particularly described in Attachment B.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dennis Senft
Special Agent
Homeland Security Investigations

Subscribed to and sworn to me this 27th day of February, 2017

The Honorable Timothy J. Sullivan
United States Magistrate Judge

- 7 -

## ATTACHMENT A

**17-0627 TJS**

### DESCRIPTION OF TARGET LOCATIONS TO BE SEARCHED

1. One HP ProBook 650 G1 notebook computer with serial number 5CG4512MSC, seized from Patricia DIGGS ("Device #1") and currently held by the Department of Homeland Security in the District of Maryland.

**1 7 - 0 6 2 7 TJS**

## ATTACHMENT B
## ITEMS TO BE SEIZED

1.  Names, addresses, telephone numbers, and other contact information of co-conspirators;
2.  Communications (such as email messages) with co-conspirators;
3.  Photographs regarding the bank fraud conspiracy;
4.  Any and all records and documents related to the bank fraud conspiracy, including but not limited to appointment books, diaries, calendars, work schedules, phone numbers, email addresses, and real property addresses;
5.  Any and all records, documents, and materials pertaining to employment, including but not limited to job applications, resumes, references, fringe benefits and correspondence; and
6.  Records, receipts, bank statements, and bank records, ATM/Debit cards, money drafts, letters of credit, wire transfers, money orders, and cashier check, passbooks, bank checks, and any other items evidencing the obtaining, secreting, transfer, concealment and/or expenditure of money

The terms "records," "documents," and "materials" include all of the following items of evidence in whatever form and by whatever means such records, documents, or materials, their drafts, or their modifications may have been created and stored, including but not limited to: any electrical, electronic, or magnetic form (such as any information on an electronic or magnetic storage device, such as hard disks or drives, printer buffers, smart cards, memory calculators, electronic dialers, Bernoulli drivers, cellular telephones, personal digital assistants (PDAs), smart phones, tablets, or electronic notebooks.